PER CURIAM.
By will, plaintiff was given a life estate in the testatrix’ house in Montgomery, Alabama. When delinquent payments and late charges on the mortgage on the property were not timely paid, the mortgagee foreclosed and the land was purchased by third parties. Following the foreclosure, the purchasers made written demand of the plaintiff for possession of the property within ten days. Although the demand was admittedly received, plaintiff did not vacate the premises, but instead filed suit against the mortgagee, the purchasers and the executrix of testatrix’ estate, seeking to set aside the foreclosure and to have the court declare that she had not forfeited her right to redeem the property. The purchasers filed a counterclaim demanding that judgment be entered against plaintiff for unlawfully retaining possession of the land. The trial court held that the foreclosure was valid, but that plaintiff had the right to redeem the property for a period of 283 days from the date of the decree. Defendants appeal from that decision.
We reverse and remand, for it is clear that the trial court erred in its application of the law to the facts. Code of 1975, § 6-5-233 provides:
(a) The possession of the land must be delivered to the purchaser by the debtor, if in his possession or in the possession of anyone holding under him by privity of title, within 10 days after written demand for the possession has been made by the purchaser, vendee or his agent.
(b) If the land is in the possession of a tenant, written notice must be given to the debtor, unless he is a nonresident, and the debtor must direct the tenant to deliver possession or recognize the purchaser as his landlord in the event the lease antedates the mortgage, judgment or levy. If the debtor is a nonresident or cannot be found, notice to the tenant is sufficient and he must deliver possession within 10 days.
(c) Failure of the debtor or anyone holding under him to comply with the provisions of this section forfeits the right of redemption.
It is undisputed that the purchasers complied with subsection (a) of § 6-5-233; accordingly, they were entitled to possession of the land. By failing to deliver the property to the purchasers upon demand, the plaintiff forfeited the right of redemption under subsection (c).
In accord with the foregoing, we reverse the decree entered by the trial court and hold: (1) that plaintiff forfeited her right to redeem the disputed property; (2) that defendants Jeff and Lynna Sprayberry are entitled to immediate possession of the property; and (3) that the relief granted to plaintiff in the order of March 7, 1979 is void and of no effect.
REVERSED AND REMANDED.
TORBERT, C. J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.